# EXHIBIT Q

# SBA

SOP 40 03 4

# Disclosure of Information

Freedom of Information/Privacy Acts Office

U.S. Small Business Administration



**SMALL BUSINESS ADMINISTRATION**
**STANDARD OPERATING PROCEDURE**
National

| SUBJECT: | S.O.P. | | REV. |
|---|---|---|---|
| Disclosure of Information | SECTION | NO. | |
| | 40 | 03 | 4 |

INTRODUCTION

1. <u>Purpose</u>:  To establish SBA procedures and guidelines for Disclosure of Information.

2. <u>Personnel Concerned</u>:  All SBA personnel.

3. <u>Directives Canceled</u>:  SOP 40 03 3 dated 8/4/2004.

4. <u>Originator</u>:  Freedom of Information/Privacy Acts Office, Office of Hearings and Appeals.

| AUTHORIZED BY: | | EFFECTIVE DATE<br>May 12, 2018 |
|---|---|---|
| Delorice P. Ford<br>Assistant Administrator<br>    for Hearings and Appeals | | PAGE<br>    2 |

SBA Form 989 (5-90) Ref: SOP 00 23

Federal Recycling Program ♻ Printed on Recycled Paper

This form was electronically produced by Elite Federal Forms, Inc.

40 03 4

# Table of Contents

| | | |
|---|---|---:|
| **I.** | **PURPOSE** | **4** |
| **II.** | **SCOPE** | **4** |
| **III.** | **AUTHORITY AND REFERENCES** | **4** |
| **IV.** | **FUNCTIONAL RESPONSIBILITIES** | **5** |
| | A.   The Agency Chief FOIA Officer | 5 |
| | B.   The Chief, Freedom of Information/Privacy Acts (FOI/PA) Office | 5 |
| | C.   FOIA Public Liaisons | 6 |
| | D.   FOIA Requester Service Center Staff (FOIA Contacts) | 6 |
| | E.   The Office of General Counsel | 6 |
| | F.   Management Board Members, Program Directors, Regional Administrators, District Directors, and Disaster Area Directors | 7 |
| **V.** | **POLICY** | **8** |
| | A.   Information that is Considered Public | 8 |
| | B.   FOIA Requests | 9 |
| | C.   FOIA Fees | 17 |
| | D.   Information Protected under each FOIA Exemption – In Detail | 21 |
| | E.   Predisclosure Notification | 32 |
| | F.   General Concepts | 34 |
| | G.   Special Situations | 38 |
| **APPENDIX A. REPORTS** | | **42** |
| **APPENDIX B. SAMPLE LANGUAGE FOR FOIA LETTERS** | | **42** |
| **APPENDIX C. LISTS OF INFORMATION** | | **54** |
| **APPENDIX D. FEE WAIVER GUIDELINES** | | **56** |

40 03 4

**U.S. Small Business Administration**
**Disclosure of Information**

## I.  <u>PURPOSE</u>

This SOP provides SBA employees with instructions and guidance for carrying out their responsibilities under the Freedom of Information Act (FOIA). The FOIA is a federal disclosure statute requiring Federal agencies to disclose to "any person" all records within its possession, except for information protected by a FOIA exemption.

## II.  <u>SCOPE</u>

This SOP applies to all SBA employees under the FOIA.

## III.  <u>AUTHORITY AND REFERENCES</u>

A.      Freedom of Information Act, 5 U.S.C. § 552, as amended

B.      The Privacy Act, 5 U.S.C. § 552a, as amended

C.      Executive Order 12600

D.      13 C.F.R. part 102

40 03 4

# IV.   FUNCTIONAL RESPONSIBILITIES

**A.      The Agency Chief FOIA Officer**

1.      Has agency-wide responsibility for efficient and appropriate compliance with the Act;

2.      Monitors implementation of the Act throughout the agency and keeps the head of the agency, the chief legal officer, and the Attorney General appropriately informed of the agency's performance in implementing this section;

3.      Recommends to the head of the agency such adjustments to agency practices, policies, personnel, and funding as may be necessary to improve its implementation of this section;

4.      Reviews and reports to the Attorney General, through the head of the agency, at such times and in such formats as the Attorney General may direct, on the agency's performance on implementing this section;

5.      Designates one or more FOIA Public Liaisons.

**B.      The Chief, Freedom of Information/Privacy Acts (FOI/PA) Office**

1.      Maintains administrative control of agency activities in implementing the law;

2.      Decides all administrative appeals involving the nondisclosure of requested information and/or the refusal to waive fees;

3.      Prepares and electronically posts the Annual FOIA Report to the Attorney General on or before February 1 for the previous fiscal year;

4.      Prepares and electronically posts for the Chief FOIA Officer, the Chief FOIA Officer Report to the Department of Justice (DOJ);

5.      Prepares and electronically posts quarterly FOIA Activity Reports as instructed by DOJ;

6.      Provides technical guidance on FOIA's substantive and procedural requirements to all SBA offices;

7.      Establishes and maintains an electronic reading room for on-line access;

8.      Determines which records are the subject of frequent requests and assists the office with custody of those records in making  them electronically available after consulting with the appropriate stakeholders;

9.      Ensures that all FOIA contacts have access to and receive training for using the FOIA Case Tracking System;

10.     Educates all agency offices on their FOIA implementation responsibilities; and

11.     Ensures and monitors agency employees' compliance with the Mandatory Annual Online FOIA Training.

**C.**     **FOIA Public Liaisons**

1.      Report to the Agency Chief FOIA Officer and shall serve as supervisory officials to whom a requester can raise concerns about the service the requester has received following an initial response from the FOIA Requester Service Center Staff;

2.      Are responsible for assisting and reducing delays, increasing transparency, understanding the status of requests and assisting in dispute resolution.

**D.**     **FOIA Requester Service Center Staff (FOIA Contacts)**

1.      Designated point of contact assigned by the program office that works with the FOI/PA Office.

2.      Responsible for coordinating the search, review, and initial determination of release of records within their office.

3.      Serve as the contact for requesters when they have questions, or are seeking information about the status of their request;

4.      Take mandatory FOIA training and maintain association with the FOI/PA Office to ensure that their FOIA implementation is current; and

5.      Enter and update cases in the FOIA Case Tracking System.

40 03 4

**E.**   **The Office of General Counsel**

    1.   Maintains liaison with the Department of Justice with respect to litigation;

    2.   Provides legal advice when requested by the FOI/PA Office or any other agency office;

    3.   Assures that regulations published in the <u>Federal Register</u> are current and legally sufficient;

    4.   Makes available to the public opinions, orders, and other materials within the General Counsel's functional area of responsibility; and

    5.   Reviews any requests or demands seeking SBA personnel to appear or testify in any civil manner before any court, committee or other administrative body.

**F.**   **Management Board Members, Program Directors, Regional Administrators, District Directors, and Disaster Area Directors**

    1.   Maintain facilities for public access to the Agency materials identified below;

    2.   Make information readily available to the public, including how to obtain information by mail;

    3.   Designate an official (outside of Headquarters it is usually Counsel) who will act as the FOIA Public Liaison  and a FOIA Requester Service Center Staff  who will be responsible for processing all FOIA requests, tracking and maintaining statistics of FOI/PA activity in the FOIA Case Tracking System, and who will act as a point of contact to the FOI/PA Office;

    4.   Provide information as required by the provisions of the FOIA;

    5.   Provide training to individuals responsible for processing FOIA requests, and

    6.   Ensure that all employees under their supervision complete the Mandatory Annual Online FOIA Training.

# V.  <u>POLICY</u>

It is SBA's policy that agency records requested under FOIA will be compiled, reviewed and released as promptly as possible, consistent with Federal law and policy.

## A.  <u>Information that is Considered Public</u>

The following is available for public inspection in electronic format through SBA's website at <u>www.sba.gov/</u>:

1.  List of Headquarters and field offices where the public may make requests or obtain information;

2.  All formal and informal procedures;

3.  Rules of procedure, descriptions of available forms, locations where forms can be obtained;

4.  Statutory rules;

5.  Each amendment, revision, or repeal of the foregoing;

6.  Final opinions rendered in the adjudication of administrative cases; specific agency policy statements; and administrative staff manuals that affect the public; and

7.  Records processed and disclosed in response to FOIA requests that, because of their subject matter, the Agency determines have become or are likely to become the subject of subsequent requests.

8.  Records that have been requested and disclosed three or more times.

9.  Title 13 of the Code of Federal Regulations (CFR), Chapter 1, at Part 102, sets forth SBA's regulations for Disclosure of Information. The CFR is a codification of the general and permanent rules published in the <u>Federal Register</u>. The Superintendent of Documents, U.S. Government Printing Office, Washington, DC 20402 sells Title 13, and it is available for inspection and copying at local SBA offices and public libraries. In addition, all SBA Regulations can be accessed electronically at www.sba.gov.

10. Requesters may visit the FOIA Home Page (www.sba.gov/foia) on SBA's website to obtain a wide range of information such as:  reports, including the Annual FOIA Report; regulations, laws, Standard Operating Procedures, forms, Agency credit cardholders; studies; statistics; loan information; publications; and records listed in A. of this section.

40 03 4

**B.**   **FOIA Requests**

    **1.**   **FOIA Requesters**

        a.   Any "person" can make a FOIA request. The FOIA defines a person as an individual (including foreign citizens), a partnership, a corporation, an association, and a foreign or domestic (state or local) government.

        b.   Any Federal agency or a "fugitive from justice" is excluded from the definition of "person" and cannot make a FOIA request.

    **2.**   **Requirements for a Proper FOIA Request**

    All FOIA requests must:

        a.   Be in writing (includes postal mail, email and facsimile).

        b.   "Reasonably describe" the information requested so that the processing office can locate the requested record with a reasonable amount of effort. A request that does not meet this requirement may require the responding office to suggest reformulation to the requester. Do not construe a request so narrowly that you deny information you know exists in a form slightly different from that requested.

        c.   State a willingness to pay applicable processing fees, unless a fee waiver is requested.

        d.   Be sent to the office where the records are located or to the FOI/PA Office for referral when the records' location is unknown or where the records are in multiple locations. You must advise the requester that you referred the request and provide appropriate contact information and update the FOIA Case Tracking System.

    **3.**   **Who Should Process a FOIA Request?**

        a.   The SBA office(s) having custody of requested records is responsible for processing a FOIA request and making disclosure determinations. The FOI/PA Office will refer all initial requests it receives to the appropriate program and/or field office(s).

        b.   If the records involve another office, either a referral should be made to that office for initial FOIA disclosure determination and direct response to the requester or that office should concur with any proposed disclosure determinations. Refer all requests for Office of Inspector General (OIG) records to the OIG Office of Counsel.

c.      Each SBA office will have a designated FOIA Public Liaison, FOIA Requester Service Center Representative (FOIA Contact) and designated Back-up Contact. The FOIA Contact will take primary responsibility for processing a FOIA or PA request within their office and for updating the FOIA Case Tracking System.

**4.      FOIA Online Tracking System**

a.      FOIA Online is a web-based application supporting the United States government in its Freedom of Information Act (FOIA) process. FOIA Online is provided as a public service to improve efficiency in the government's FOIA tracking and processing which allows requesters to register as a user to:

- Track progress on each request (for all participating agencies).
- Communicate directly with the staff handling requests at all points in the process.
- Receive records electronically to eliminate mailing fees and delivery delays.

b.      Use of FOIA Online is mandatory; designated FOIA liaison or their designee must enter data into FOIA Online within 24 hours of receipt of a FOI/PA request. Pertinent status and tracking data must be entered once an office has taken action. Only the FOIA Contacts and Back-ups have access to FOIA Online.

c.      Training requests for use of FOIA Online can be made to the FOI/PA Office. User manuals and training slides are also available.

**5.      Processing a FOIA Request**

a.      First, determine if the request was sent to the correct office. Does it reasonably describe the agency records sought? (In other words, could an employee familiar with the subject area reasonably determine which records are being requested and locate the records with a reasonable amount of effort?). Does it resolve all issues regarding the payment of processing fees?

b.      You should determine if the requester is first party or third party. A "first party" requester is a person or authorized representative requesting information about himself. A "third party" requester is a person or entity requesting information about another. If a third party requester wants full access to first party information, that request must include an authorization signed by the latter, which would allow you to release such information.

c.      Input data into the FOIA Tracking System, e.g., contact information, summary of the request, any attachments sent by the requester.

d.      Provide the requester with an acknowledgement of receipt of their request and include the case tracking number and contact information. If appropriate, advise the requester of referral to another SBA office(s) for initial FOIA processing and provide appropriate contact information.

e.      Before you actually process an initial request, you must determine if you should assess fees and if so, estimate the fees. You should notify the requester if the estimated fees will exceed $25.00. If so, the requester must provide a fee declaration and agree to pay the anticipated fees before you process the request. If the estimated fees are more than $250 or if the requester has previously failed to pay fees, you may request advance payment. The advance payment should include the estimated amount, plus any past due charges and interest.

f.      You should determine what type of request it is. You should process requests citing both the FOIA and/or the PA for the fullest disclosure. Fee provisions of one or both Acts apply, as appropriate. Consult with the FOI/PA Office if you have any questions regarding this matter.

g.      You must identify all pertinent agency records that are within your office's possession and control and respond within the 20 day statutory time frame. You must apply reasonable search standards and exercise sound discretion in your search for the requested records. Consult with OGC if you have any questions regarding this matter.

h.      You cannot deny a request because it is too broad or burdensome, however you may contact the requester to narrow the scope of the request or seek clarity. In addition if you refer a request to another office, you must advise the requester that their request has been referred and provide the appropriate contact information as well as update the FOIA Case Tracking System.

i.      If you receive a request that appears to have been sent by a requester or group of collaborating requesters to multiple field or program offices for the same information, you should contact the FOI/PA Office. The FOI/PA Office will determine if Headquarters can provide an aggregate response. This procedure will ensure consistency and the proper assessment of aggregate fees.

**6.      Time Limits for Processing Requests**

a.      You must notify the requester of your disclosure determinations within 20 working days from receipt of the request, Saturdays, Sundays, and Federal

holidays excluded. If you deny the request in whole or part, or if no records exist, you must notify the requester of his right to an administrative appeal and tell him he must appeal within 90 calendar days of the date of the notice of your denial.

b.      Under certain "unusual circumstances," you may extend the 20-day time limit for responding to requests for a period not to exceed ten working days by notifying the requester in writing. You should include the reason for the extension and an expected date of response. The three statutory "unusual circumstances" are:

   (1)      The need to search for and collect the requested records from other separate facilities.

   (2)      The need to search for, collect and examine a voluminous amount of records.

   (3)      The need for consultation with another agency or division with a substantial interest in the request.

c.      After explaining what the "unusual circumstances" are, provide the requester with an opportunity to narrow his/her request or to arrange an alternative time for processing. The following language must be included:

   If you have any questions or wish to discuss clarifying your request or an alternative time frame for the processing of your request, you may contact [optional:  the analyst handling your request at ---, or] our FOIA Public Liaison at ----. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at     1-877-684-6448; or facsimile at 202-741-5769.

d.      The 20-day working period commences "on the date which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency" as specified in SBA's regulations.

e.      Because the FOIA allows for only one extension of time, either at the initial or appellate stage, you must notify the FOI/PA Office if you need an extension.

f.      Additional time may be allowable. Where an extension of more than ten working days will be necessary due to exceptional circumstances, you may give the requester an opportunity to modify the request so it may be processed within the usual time limits set out above, or to arrange an alternative time period for processing the request or a modified request. Confirm this arrangement with the requester in writing.

g.      The response time may be tolled/stopped one time to allow for clarification of the request. The clock begins again when the requester responds to the request for clarification.

h.      The response time may be tolled/stopped and re-started as many times as necessary to resolve any fee issues associated with the processing of a request.

**7.      Expedited Processing**

a.      The FOIA allows requesters to seek expedited processing if one of the following conditions is met:

(1)     The requester demonstrates that someone's life or physical safety would be in imminent danger if SBA did not respond to the request within 20 working days; or

(2)     The requester is a person primarily engaged in disseminating information, and there exists an urgency to inform the public about an actual or alleged Federal Government activity.

b.      If a requester provides a certification of 'compelling need' you must decide whether to grant the expedited processing within ten working days from the date the request is received and notify the requester of your decision. You must give priority to an expedited request and process the requested records as soon as practicable.

c.      If you deny a request for expedited processing, you must provide the requester with appeal rights. The FOI/PA Office will give expeditious consideration to any administrative appeal of a denial for expedited processing.

**8.      Multi-track Processing**

Multi-track processing is permitted if an office receives so many requests, that it cannot respond to all within 30 working days. An office with a substantial backlog of requests may decide that multi-track processing is necessary and create tracks based on the amount of work or time (or both) involved in processing. Requests on each track are then processed generally in the order in which they are

received. Requesters should be given the opportunity to limit their requests in order to obtain faster processing.

9. **"Agency Records" and "Personal Records"**

    a.    "Agency records" are documents that are either created or obtained by an agency, and which are under agency possession and control at the time of the FOIA request. You must review all "agency records" pertinent to the FOIA request you are processing.

    b.    "Personal records" are not subject to FOIA review. You should look to the purpose for which the document was created, the degree of integration of the record into the agency's filing system, and the extent to which the author or other employees used the record to conduct agency business. When a record is "personal", you should advise the FOIA requester that such a determination is made about that record.

10. **Records Originating at Another Agency or at the White House**

    a.    If you locate responsive records that originated at another agency, you must refer the records to that agency for response and notify the requester of the referral. If you are reviewing documents that contain information provided by or concerning another agency, you should consult with that agency regarding disclosure.

    b.    Due to Executive Privilege and because the White House has a unique status under the FOIA, any White House (including the Office of the Vice President) records you locate should be forwarded through SBA's Office of General Counsel for release to the Office of the Counsel to the President for any recommendation or comment, or assertion of privilege. If SBA material is incorporated within those records, you should advise the White House Counsel's Office if you believe a FOIA exemption applies.

        (1)    This consultation process does not absolve you of your administrative responsibility to respond to a FOIA request.

        (2)    Records in the public domain do not require consultation. If you are not sure of the status, contact the White House Counsel before disclosing.

    c.    In some instances, a record originating in the White House or in the Office of the Vice President may be one over which those entities have retained control and they are not considered an "agency record" subject to the FOIA.

40  03  4

### 11.    Form or Format of Record

    a.    You must provide a responsive record in the form or format requested if the record is readily reproducible in that requested form or format. Reasonable efforts must be made to maintain records in forms or formats that are reproducible.

    b.    You must make 'reasonable efforts' to search for records in electronic form or format, except when the search would significantly interfere with the operation of the Agency's automated information systems.

    c.    You must determine if a requested database search would involve new programming and database retrieval efforts, and, if so, whether those efforts are 'reasonable' under the circumstances involved. You are not required to make a search if it would "significantly interfere" with computer system operations.

### 12.    No Requirement to Answer Questions or Create Records

The FOIA does not require you to answer questions or create new records in order to respond to a FOIA request, although, you should answer the request if it can easily be responded to with a simple explanation. You may refer the inquiry to the appropriate office for response. You should provide computerized data that can be easily compiled.

### 13.    Denial of a FOIA Request and Appeal Rights

You must reply in writing (by email, facsimile or postal mail) and include the following:

    a.    A list describing each document withheld, the specific FOIA exemption(s) cited, and a brief explanation of the application of the exemption(s).

    b.    You must indicate the amount of information deleted on the record where the deletion is made, wherever it is technically feasible to do so, with the exemption cited. You also must include the total number of pages withheld in full in your response letter.

    c.    You must provide appeal rights in your response when you deny a request either in full or in part, when the requested records do not exist, when you deny a request for expedited processing, or when you deny a fee waiver request. You must notify requesters that they have 90 calendar days after the date of the notice to appeal your decision. A statement of the requester's right to appeal, as well as information regarding mediation services from the Office of Government Information Services should be provided to the requester. When you deny access to records, in full or in

40 03 4

part; if records do not exist; or if you deny a request for expedited processing or a fee waiver, you must include the following appeal paragraph in your response:

> If you are not satisfied with this action, you may appeal this decision to the Chief, Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW, Washington, DC 20416. You must submit an appeal within 90 calendar days of the date of the notice of denial. The appeal should contain a copy of this correspondence, a description of the information requested and denied the name and title of the SBA official or employee who denied the request, the reason for the denial, and any other facts you deem appropriate.

> The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

> Office of Government Information Services

> National Archives and Records Administration,

> 8601 Adelphi Road – OGIS

> College Park, MD 20740-6001

> E-mail: ogis@nara.gov

> Telephone: 202-741-5770

> Toll-free: 1-877-684-6448

> Please note that using OGIS services does not affect the timing of filing an appeal with the SBA's FOI/PA Officer.

d.   You must keep copies of all documents released and withheld, as well as all pertinent correspondence.

e.   You must send copies of all initial responses to the FOI/PA Office at the time you respond. Do not include copies of documents you release or withhold.

14.     **FOIA Appeal Procedures**

    a.    When you deny a request, the requester is entitled to prompt review by the Administrator; this authority has been delegated to the Chief, FOI/PA Office. If the FOI/PA Office receives an appeal, it will request that you provide complete copies of each document/record you withheld. You must provide those records as expeditiously as possible after the FOI/PA Office notifies you of its receipt of an appeal.

    b.    The Chief, FOI/PA Office must provide the requester/appellant with a written decision. If the decision upholds the initial refusal to disclose, it must contain a statement explaining the basis for the refusal. If the appellant argues for the waiver of an applicable exemption, the final decision should explain why a waiver is not granted. The final decision must advise the appellant that judicial review is available by filing a complaint with the District Court of the United States in one of the following districts:

        (1)    Where the appellant resides;

        (2)    Where the appellant has its principal place of business;

        (3)    Where the records are located; or

        (4)    In the District of Columbia.

    c.    If requested records are located in the FOI/PA Office, that office will process the request. The Assistant Administrator for Hearings and Appeals will decide appeals that the FOI/PA Office initially denies.

    d.    The FOIA requires administrative appeals to be decided within 20 working days of their receipt. An extension of up to ten working days may be granted. SBA can invoke this ten day extension only one time, either at the initial or appellate stage.

    e.    The appellate office can charge fees only under limited circumstances. The FOI/PA Office may only assess fees at the appellate level for information withheld under a different exemption from the initial denial and for duplication of records.

**C.**    **Fees**

**1.**    **Processing Fees**

You must impose fees at the initial processing level in accordance with 13 CFR § 102.8, of the FOIA, and Office of Management and Budget (OMB) Guidelines.

40  03  4

Agencies are prohibited from charging certain fees if they do not meet the 20-day statutory response time. The FOIA prohibits agencies from assessing search fees (or duplication fees if the requester is an educational or non-commercial, scientific institution, or representative of the news media) if the agency fails to meet the 20-day response time limit, unless unusual or exceptional circumstances apply to the processing of the request. Depending on the requester's category, fees may be charged for time spent in searching for and reviewing documents, and for duplication costs.

a.      Fee schedule.

   (1)    Search time is the time actually spent looking for responsive material, including page-by-page or line-by-line identification within documents. You should assess search fees even if you do not locate responsive documents or if all responsive documents are exempt.

      (a)    Search - $46.00 per hour (GS-14 and below), and/or $83.00 (GS-15 and above).

      (b)    Computer Searches - $100.00 per hour.

      (c)    The first two hours of search time are provided without charge unless the requester is seeking documents for commercial use.

   (2)    Review time can only be charged to commercial use requesters and is the time spent reviewing records to determine if they are exempt from mandatory disclosure. Review costs are $46.00 per hour (GS-14 and below), and $83.00 (GS-15 and above). Time spent resolving general, legal, or policy issues regarding the application of an exemption does not qualify as review time.

   (3)    A duplication charge is the actual cost of copying a document. Except for commercial use requesters, the first 100 pages of duplication are provided without charge.

      (a)    For paper-copy reproduction the fee is ten cents per page.

      (b)    For copies of computer printouts or tapes, actual costs of production will be charged including operator time.

   (4)    Fees totaling less than $25.00 should be waived.

b.      Interest on unpaid balances will accrue on the 31st day following the day on which the bill was sent.

    (1)      The interest rate is prescribed by 31 U.S.C. § 3717 and changes are published in the Federal Register.

    (2)      The Fee Interest Computation Rate is calculated as follows:  rate multiplied by number of days divided by 365 multiplied by debt.

    c.      Requesters with delinquent fees must be advised that pending or new requests will not be processed until they have paid all outstanding fees. Advise the FOI/PA Office of outstanding fees.

    d.      Persons may inspect and copy releasable documents in SBA facilities. The charges described in this section should apply.

## 2.    Other Fees

    a.      <u>Certification of true copies</u>. When requested, you should charge the actual costs for certifying copies.

    b.      <u>Costs for special mailing</u>. When requested, you should charge the actual costs for sending responses by methods other than regular mail.

## 3.    Categories of Requesters

    a.      <u>Commercial Use Requester</u> – A requester who seeks information for a use or purpose that furthers the commercial, trade, or profit interests, which can include furthering those interests through litigation. Commercial requesters are charged the full search, review, and duplicate fees (unless the total is less than $25).

    b.      <u>Educational and Noncommercial Scientific Institution Requester</u> – Educational institution is any school that operates a program of scholarly research. A requester in this fee category must show that the request is made in connection with his or her role at the educational institution. Components may seek verification from the requester that the request is in furtherance of scholarly research and will advise requesters of their placement in this category. You must charge for duplication costs after the first 100 pages (unless the total is less than $25).

    c.      <u>Representative of the News Media</u> – Any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. The term "news" means information that is about current events or that would be of current interest to the public. Examples of news media entities include television or radio stations that broadcast "news" to the public at large and publishers of

periodicals that disseminate "news" and make their products available through a variety of means to the general public, including news organizations that disseminate solely on the Internet. A request for records supporting the news-dissemination function of the requester will not be considered to be for a commercial use. "Freelance" journalists who demonstrate a solid basis for expecting publication through a news media entity will be considered as a representative of the news media. A publishing contract would provide the clearest evidence that publication is expected; however, a requester's past publication record will be considered in making a determination. You must charge reproduction costs after the first 100 pages (unless the total is less than $25).

d.   All other requesters – A member of the general public who does not fit into any of the other categories. You must charge fees for search time after the first two hours and for reproduction of records after the first 100 pages (unless the total is less than $25).

SUMMARY OF FEES

| Requester category | Search | Review | Duplication fees | Direct costs |
|---|---|---|---|---|
| Commercial Use | Yes | Yes | Yes | Yes. |
| Educational/Noncommercial Scientific Institutions | No | No | Yes (first 100 pages, or equivalent volume free) | No. |
| News Media | No | No | Yes (first 100 pages, or equivalent volume free) | No. |
| All Others | Yes (first 2 hours free) | No | Yes (first 100 pages, or equivalent volume free) | Yes. |

4.   **Payment of Fees**

a.   A requester must provide payment in the form of a check or money order payable to SBA. The payment should be made upon receipt of your response but before you send copies of releasable records.

b.   A requester, who has failed to pay a fee within 31 days of assessment for a previous request, must pay fees in advance of your processing a new request.

c.   You must notify a requester of estimated costs exceeding $25.00 unless the requester has previously expressed a willingness to pay up to a specific amount. The requester must provide a declaration agreeing to pay up to a specified amount before you process the request.

d.    When the estimated fee exceeds $250.00 you may require the requester either pay in full or provide written assurance of full payment before you begin processing the request. See 5 U.S.C. § 552(a) (4) (v).

e.    You must hold fees paid in advance pending completion of the response process. You must then adjust the fee estimate when final charges have been determined.

f.    Mail or email an acknowledgement of receipt to the requester when payment is received. Fees received in the Field Offices should be processed by the Field Cashiering System. Other offices must submit payments to the Chief Financial Officer (CFO), Headquarters, Attn: FOIA Fees. The CFO will forward all payments to the U.S. Treasury.

**5.    Fee Waiver Requests**

a.    Requests for a fee waiver or reduction are reviewed on a case-by-case basis. As the processing office, you must determine if a requester satisfies the two basic requirements necessary for a fee waiver. The requester must prove that disclosure of the information is in the public interest and their commercial interest in the disclosure is less than the public interest in it. A fee waiver or reduction is granted if disclosure is in the public interest because it: a) is likely to contribute significantly to the public understanding of the operations and activities of the government and b) is NOT primarily in the commercial interest of the requester. Fee waivers must also meet the Department of Justice "Guidelines for Fee Waivers." See Appendix D.

b.    When you deny a fee waiver, you must provide the requester with appeal rights, as well as dispute resolution services through OGIS. If the requester submits an appeal, the Chief, FOI/PA Office will process the appeal and notify you and the requester of the final decision. Before a fee waiver request is decided, the requester must send a written declaration of intent to pay the fees if the fee waiver appeal is denied.

**D.    <u>Information Protected Under Each FOIA Exemption – In Detail</u>**

You must disclose a record, or any <u>segregable portion thereof</u>, unless it falls within one or more or the statutory exemptions discussed in detail below.

**1.    <u>Exemption 1</u>** protects matters "(a) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (b) are in fact properly classified pursuant to such Executive Order." The proper classification markings are: Confidential, Secret, and Top Secret. SBA does not generally maintain classified documents with the

exception of selected OIG records. Consult the Chief, FOI/PA Office if you have questions.

**2.**   <u>**Exemption 2**</u> exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." Disclosure is required where a genuine and significant public interest exists, unless such disclosure may circumvent a lawful agency regulation.

Examples of protected records are those used by SBA auditors and investigators when disclosure would impede the law enforcement process, records pertaining to internal financial management, vulnerability assessments, computer sensitive programs, etc. Computer security plans and portions of some OIG manuals on investigatory techniques could be withheld under Exemption 2. The release of these types of records is not negotiable.

**3.**   <u>**Exemption 3**</u> exempts from the disclosure of information prohibited from disclosure by another statute only if one of two requirements is met. The statute either:

    a.   Requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

    b.   Establishes particular criteria for withholding or refers to particular types of matters to be withheld. The statute on which you rely must "explicitly deal with public disclosure."

    c.   Exemption 3 protects records obtained from the Internal Revenue Service (26 U.S.C. § 6103); proprietary or source selection information in the procurement process (41 U.S.C. § 423(b) (3)); and matters before a Grand Jury. In addition, the Office of Information Policy (OIP) has listed additional statutes that qualify for Exemption 3 status, which can be viewed on their website, https://www.justice.gov/oip/exemption3.pdf.

**4.**   <u>**Exemption 4**</u> exempts from required FOIA disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." In order to withhold information, it must be a trade secret; or information that is commercial or financial; that was obtained from a person; <u>and</u> is privileged or confidential.

    a.   "<u>Trade secrets</u>" - A trade secret is any formula, pattern, device, or commercially valuable information used in a business that may provide a competitive advantage. The Trade Secrets Act (18 U.S.C. § 1905) prohibits the unauthorized disclosure of all Exemption 4 protected data.

b.   "<u>Commercial or financial information obtained from a person and privileged or confidential</u>" – The following definitions are applicable:

(1)   "<u>Commercial or financial information</u>" - includes financial statements, research data, overhead and operating costs, customer and supplier lists, and pending applications for assistance. Commercial information may involve anything "pertaining or relating to or dealing with commerce." Commercial information *may* include material submitted by nonprofit entities.

(2)   "<u>obtained from a person</u>" - refers to any person, entity or corporation outside the Federal government.

(3)   "<u>privileged</u>" - encompasses the privileges available in litigation, e.g., doctor-patient, attorney-client, etc.  Settlement negotiations have also been protected as privileged.

(4)   "<u>confidential</u>" - disclosure of "confidential" information would either impair the government's ability to obtain necessary information in the future; or cause substantial harm to the competitive position of the person from whom it was obtained.

c.   <u>Confidential Information</u> -You should conduct the following analysis to decide if information is confidential:

(1)   Determine whether the information was "required" to be submitted, i.e., that which is submitted to the government in order to participate in programs such as SBA's loan and contracting programs.

(2)   Information "required" to be submitted is considered confidential if:

(a)   Disclosure would diminish the "reliability" or "quality" of what is submitted to the government; <u>or</u>

(b)   Release would cause substantial harm to the competitive position of the person from whom the information was obtained. Executive Order 12600 requires you to provide predisclosure notification to the submitter. You must look at the facts and circumstances of each individual case and not make class determinations of confidentiality.

(3)   Information "voluntarily" submitted is considered confidential if the submitter would not ordinarily release it to the general public. Such information receives broad Exemption 4 protection.

(a)    If you are unsure of submitters' customary treatment of requested information, notify the submitters and give them an opportunity to provide a description of their treatment of the information, including any disclosures that are customarily made and under what conditions such disclosures occur. This notice should be similar to predisclosure notification.

(b)    DOJ recommends these procedures, which were established as a result of Critical Mass Energy Project v. Nuclear Regulatory Commission, 975 F.2d 871 (1992).

(4)    If public disclosure will harm an identifiable private or governmental interest which Congress sought to protect by enacting Exemption 4, that information is considered confidential. DOJ identifies as one example of this standard, an "intrinsically valuable" record (records that are not significant for their content, but as valuable commodities which can be sold in the marketplace) such as credit reports obtained through a contractual agreement. You may withhold these records if the evidence demonstrates that potential customers actually would utilize FOIA as a substitute for purchasing the records from the submitter.

d.    You may generally withhold, in full or in part, the following under Exemption 4; you must always review the documents to determine if you can disclose portions.

- Financial statements and credit reports

- Applications on any assistance program (loans, Small Business Investment Company (SBIC), 8(a), Certificate of Competency)

- 8(a) business development plans

- Financial information on SBIC portfolio companies

- Client lists

- Pricing information

- Specific terms and value of collateral

- Term and rates of disaster loans and economic injury loans

e.    The following information usually is not granted Exemption 4 protection:

- Approved loan recipients, amounts and dates

- Government contract amounts
- Charged-off amounts on business loans

- Names of directors and officers

- Statistical data

- Names of participating banks

- Collateral in general terms

- Use of proceeds in general terms

- SIC or NAICS codes

- Names of SBIC portfolio companies

5. **Exemption 5** exempts from "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." The purpose of this exemption is to facilitate sound governmental decision-making by encouraging a frank exchange of views. Exemption 5 protects documents normally privileged in the civil discovery context.

    a.     Two rules apply to Exemption 5. First, the exemption applies only to predecisional documents such as advice, recommendations, proposals, etc.; it does not apply to purely factual matters. Second, the exemption does not apply to deliberative documents or portions of documents that are expressly adopted as the basis of a final agency action. You should disclose information if no foreseeable harm to Agency deliberation would result. See "foreseeable harm" discussion below.

    b.     The <u>Deliberative Process Privilege</u> "prevents injury to the quality of agency decisions" by:

        (1)     encouraging open and frank discussions on policy matters between subordinates and superiors;

        (2)     protecting against premature disclosure of proposed policies; and

40 03 4

(3)  protecting against public confusion that might result from disclosure of reasoning that was not ultimately the grounds for an agency's action.

c.  Final agency decisions and statements of policy are not considered predecisional and therefore do not meet the requirements of the deliberative process privilege. You must be able to determine which deliberative process is involved; and who has the decision-making authority. Unless factual information is subject to another FOIA exemption, or is "inextricably intertwined" with the deliberative material, you must disclose it. A predecisional memorandum is considered expressly adopted as the basis of final agency action if it is referred to in the final agency decision.

d.  The Attorney Work-Product Privilege protects documents prepared by attorneys (and possibly employees under their supervision) in contemplation of litigation. It extends to administrative, criminal, and civil proceedings. This privilege does not protect routine documents not directly associated with litigation. Portions of a document also may be withheld because of other privileges or exemptions.

The attorney work-product privilege extends to documents prepared "by or for another party or by or for that party's representative." See Rule 26(b) (3) of the Federal Rules of Civil Procedure. Factual information within documents should be reviewed for potential disclosure, but may be afforded protection under this privilege.

(1)  When the litigation ends, this privilege no longer can be asserted unless a unique continuing sensitivity exists, and disclosure would cause real harm to the interests of the attorney and the client even after the controversy is resolved. See "foreseeable harm" discussion below. The DOJ Freedom of Information Act Guide and Privacy Act Overview identifies the criteria for applying that standard.

(2)  The time element. Is the case still pending or, if not, has the sensitivity of the information faded?

(3)  The litigation connection element. Even if the case has ended, does the information remain sensitive due to its connection to similar or recurring litigation?

(4)  The substantive scope element. The scope of the privilege is so broad that it covers all documents and information involved in a case.

(5) The inherent sensitivity element. Regardless of any other consideration, some portions of litigation files simply have no inherent sensitivity.

e. Attorney-Client Privilege. Protected documents contain "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." Unlike the attorney work-product privilege, this privilege is not limited to litigation. It extends protection to background information and advice exchanged between the client and attorney, or between agency employees and agency counsel.

(1) The attorney-client privilege is not immune from the "foreseeable harm" standard. It is the agency's privilege to waive if it chooses.

(2) Exemption 5 embodies practically all civil discovery privileges, the settlement negotiations privilege, and others.

f. Foreseeable Harm Standard. This standard requires you to consider the use of an exemption and the reasonably expected consequences of disclosure on a case-by-case basis. In determining harm you should consider the following primary factors set forth in the DOJ Overview:

(1) The nature of the decision involved. Some agency decisions are highly sensitive or controversial; most are far less so.

(2) The nature of the decision-making process. Some agency decision-making requires total candor and confidentiality.

(3) The status of the decision. There is a far greater likelihood of harm from disclosure in a pending decision rather than in a final one.

(4) The status of the personnel involved. How will disclosure affect agency employees?

(5) The potential for process impairment. Will the quality of deliberation actually diminish if the decision-makers are inhibited by potential disclosure?

(6) The significance of any process impairment. In some cases, any anticipated "chilling effect" on the agency's decision-making process might be negligible.

(7) The age of the information. The sensitivity of information tends to fade with the passage of time.

(8) <u>The sensitivity of individual record portions</u>. Irrespective of any other factor, you must focus on "the individual sensitivity of each item of information."

g. <u>Illustrative SBA Records Which May Be Afforded Exemption 5 Protection</u>.

- Materials prepared by SBA personnel in anticipation of litigation.

- Recommendations and comments of Agency personnel contained in predecisional documents, where there is no final action or final decision.

**6.** **<u>Exemption 6</u>** protects from required FOIA disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

a. "<u>Personnel and medical files and similar files</u>" - The term "personnel and medical files" is self-explanatory. The term "similar files" should be interpreted broadly and covers all information which "applies to a particular individual."

b. "<u>Disclosure of which would constitute a clearly unwarranted invasion of personal privacy</u>" - In determining whether a disclosure is clearly unwarranted, you must balance an individual's privacy interest against the public interest that would be served by disclosure. If a privacy interest exists, it generally outweighs any public interest and the information should be withheld.

(1) Is there an expectation of privacy? If not, there is no invasion of privacy and the exemption does not apply.

- If the information is widely available within the public domain, there is no expectation of privacy. If it was available to the public at some time or place, but is now hard to obtain, the individual may have a privacy interest.

- The names of FOIA requesters are released, unless their requests also cite the PA and seek records on themselves.

- Deceased individuals do not possess privacy interests, but in certain situations the surviving family may receive Exemption 6 protection.

- Businesses and corporations do not have privacy interests protected under Exemption 6, although their individual officers and employees may.

(2)   Once you determine that a privacy interest exists, you must weigh the particular privacy interest against any public interest that would be served by a requested disclosure.

- A privacy invasion is one that would expose an individual to personal distress or embarrassment including information concerning marital status, date of birth, religious affiliation, medical condition, financial status, details of an employee's performance evaluation, etc.

- Personal records that do not reveal the workings or activities of the government are not subject to disclosure. To qualify for release, records must demonstrate a public interest. <u>U.S. Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749 (1989).

- Disclosure must benefit the public overall, and not just the requester. You may not consider the requester's purpose in making the request; you must instead consider the possible effects of disclosure to the public in general. The requester has the burden of establishing how the public interest would be served.

- There is generally <u>no</u> public interest when the request is made for purely commercial purposes. Nor is there a public interest when the request is for information to use in a private lawsuit.

c.   <u>Relationship to the Privacy Act Disclosure Prohibition</u> - The PA, which in part limits government disclosure of data pertaining to individuals retrieved by name or other identifying characteristic, does not broaden Exemption 6 or any other FOIA exemption. You may be subject to criminal penalties if you disclose data from a PA System of Records which can be withheld under a FOIA Exemption. Disclosures required by FOIA cannot be withheld under the PA.

d.   <u>Illustrative SBA Records</u> - The following are examples of information that you should withhold pursuant to Exemption 6.

- Performance evaluations

- Personal financial information

- SBA Form 912 - Statement of Personal History

- Home addresses and telephone numbers; Social Security numbers; birthdates

- Minority codes for any program other than 8(a) program participants

- Applications for, and term and rate of home disaster loans

- Individual tax return information

- Identities of persons not selected for employment

- Medical records

- Private sector employment

- Education not required by government employment

- Health benefit information

7.    **Exemption 7** exempts from disclosure investigatory records compiled for law enforcement purposes, if the release of such records would cause one or more of six specified types of harm. Exemption 7 protects records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information:  "(A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecution, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure would reasonably be expected to risk circumvention of the law, or could reasonably be expected to endanger the life or physical safety of any individual."

    a.    "Records or Information" - refers to all documents compiled for law enforcement and investigatory purposes. Includes records generated in the course of IG investigations, as well as portions of law enforcement manuals.

b. "Compiled for Law Enforcement Purposes" - Law enforcement in the FOIA context is broadly construed and includes civil and administrative proceedings. "Law enforcement" includes administrative disciplinary actions against SBA employees where there are no allegations of criminal conduct. All or parts of many SBA audit and investigation reports are "compiled for law enforcement purposes." While the reports are not routinely released in whole, parts of them may be releasable.

c. The specific types of harm:

Subsection (A) - Interference with Enforcement Proceedings – to prevent harm to a government proceeding through premature release of information not possessed or known by potential adversaries. Exemption 7(A) only applies to active investigations where enforcement proceedings may be contemplated and not to closed investigative files except where disclosure of records in a closed investigative file would interfere with another active investigation.

Subsection (B) - Deprivation of the Right to a Fair Trial or Adjudication - applies when release of material would cause publicity in advance of a criminal trial, or when the release of damaging and unevaluated information in a civil case triable by jury may threaten administrative judgment in pending cases or when release may give an unfair advantage to one party in an adversary proceeding.

Subsection (C) - Invasion of Personal Privacy - Exemption 7(C) protection requires that the privacy invasion be "unwarranted" while Exemption 6 requires that the privacy invasion be "clearly unwarranted." In some circumstances, the disclosure of an investigative record may cause an invasion of personal privacy sufficient to qualify under Exemption 7(C), but not under Exemption 6.

Subsection (D) - Disclosure of a Confidential Source or Information Provided by Such a Source - should be applied when withholding the identity of a confidential source or the information the source has provided. A confidential source is a person who submits information related to an investigation upon the expressed or implied understanding of confidentiality. Express assurances of confidentiality made by the OIG will help avoid misunderstandings with persons providing information to the Agency, and also will help establish that the information was provided with a reasonable expectation of confidentiality.

Subsection (E) - Disclosure of Investigative Techniques and Procedures - may apply to portions of law enforcement manuals. Does not apply to commonly known techniques or procedures such as ballistics tests or

fingerprinting although it would shield new refinements or developments in these procedures.

Subsection (F) - Endangering Law Enforcement Personnel - protects information which would reveal the identity of undercover agents working on narcotics, organized crime, terrorism or espionage matters.

d.    You must refer OIG records to the OIG Office of Counsel.

**8.    Exemption 8** exempts information "contained in or related to examination, operating, or condition reports prepared by or on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions." The application of Exemption 8 may ensure the security of financial institutions by withholding reports containing frank evaluations; to safeguard the relationship between banks and their supervising agencies; and to promote cooperation and candor between financial institutions and the federal officials who regulate them. Illustrative SBA records include examination, operating or condition reports, and work-papers on the regulation of SBICs and non-bank lenders. The foreseeable harm standard may be considered in determining the applicability of Exemption 8.

**9.    Exemption 9** protects "geological and geophysical information and data, including maps, concerning wells." Since the proprietary interests of businesses may be involved, and the information also may be protected by Exemption 4, a predisclosure notification would be appropriate. Information covered by Exemption 9 could appear in the loan file of a borrower involved in drilling operations or where a SBA loan is secured by a well.

**E.    Predisclosure Notification**

**1.    Required Predisclosure Notification**

Predisclosure Notification, mandated by Executive Order 12600, is a notification to submitters of confidential commercial information stating that you have determined that FOIA may require disclosure of certain portions of the confidential commercial information.

a.    You must provide this notification in writing prior to disclosure if:

(1)    The submitter in good faith designated the information to be protected from disclosure under Exemption 4; or

(2)    You have reason to believe that the information may be protected from disclosure under Exemption 4.

b.    Your written notice to the submitter should either describe the business information being considered for disclosure or provide copies of the

records you propose to release. You should give the submitter ten business days to review the records or information and respond.

c.    You must advise the requester that you have provided notice to the submitter and that a delay in processing their request may result. See Appendix B for sample letters.

**2.    Designation of Business Information by Submitters**
Submitters of business information should designate, at the time of submission or at a reasonable time thereafter, the portions of their submissions they consider to be protected from disclosure under Exemption 4. Such designations will expire after ten years unless the submitter requests, and provides justification for, a longer designation period.

**3.    Communication to Submitters About Their Rights and How to Object to Disclosure**

a.    Advise submitters that they have ten business days from the date of the SBA's notice to provide a written detailed statement of their objections. You may grant a reasonable extension of time if the submitter shows good cause.

b.    Inform submitters that their objections must specify all grounds for withholding any of the information under Exemption 4. Submitters must provide specific reasons why the information is a trade secret or is commercially or financially privileged or confidential and must explain how disclosure will cause substantial competitive harm to their business.

c.    Recommend to submitters that they have an officer or authorized representative certify that the information is not already in the public domain and advise them that their statement may be subject to disclosure under FOIA.

d.    Tell submitters that if they fail to timely respond to a notice, such failure will be deemed a waiver of any objection to the disclosure of the information.

e.    If you have a voluminous number of submitters to notify at one time, you may post or publish notice in a place reasonably likely to accomplish such notice.

**4.    Submitters' Objection to Proposed Disclosures**

You must carefully consider submitters' objections and their specific grounds for nondisclosure. Whenever you decide to disclose business information over the submitter's objection, you must notify the submitter in writing and include the following information:

    a.      A statement of the reasons why you do not sustain the submitter's objections;

    b.      A description of the business information to be disclosed or copies of the subject information; and

    c.      A specified disclosure date. You must provide written notice of intent to disclose both to the submitter and requester at least ten business days prior to the specified disclosure date.

**5.    FOIA Lawsuit**

If a requester files suit to compel disclosure of business information, you must promptly notify the submitter.

**6.    Predisclosure Notification Not Required**

The predisclosure notification requirements of this section do not apply if:

    a.      You decide not to disclose the information;

    b.      The information has been lawfully published or officially made available to the public previously;

    c.      Disclosure of the information is required by a law other than 5 U.S.C. § 552; or

    d.      The submitter's designations of what he considers exempt from disclosure under Exemption 4 are obviously frivolous.

**F.    <u>General Concepts</u>**

**1.    Treatment of Documents that Contain Both Exempt and Non-exempt Information**

The FOIA states that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt...." Thus, if a requested document contains both exempt and nonexempt information, you must delete the exempt portions and disclose the remainder. The failure to apply this "segregable portion" rule is one of the most frequent reasons that initial decisions are reversed at the administrative appeal level.

**2.    Discretionary Disclosures**

The FOIA does not directly prohibit disclosures. Make disclosures in keeping with DOJ guidance on "transparency and accountability" and a presumption of openness.

40  03  4

a.      You must release requested records, or portions thereof, although technically exempt, unless (1) <u>some other law would be violated</u> or (2) <u>some legitimate public or private interest would be harmed</u>.

b.      You must apply the DOJ "Foreseeable Harm" standard, whether or not the information in question technically or arguably falls within the scope of an exemption. Exemptions 2 and 5, because of the nature of information they protect, allow the strictest application of the foreseeable harm standard.

c.      Because of case-by-case discretionary disclosures of exempt information, you still may protect similar or related information in the future by relying upon the applicable FOIA exemption. Therefore, you will not waive your use of an exemption in the future for other similar documents.

d.      Your response letter may note that such a disclosure is in keeping with the government-wide discretionary disclosure policy and that such information traditionally may have been afforded protection under a FOIA exemption.

e.      Notwithstanding discretionary disclosure, you cannot disclose exempt data where disclosure would be prohibited by statute.

(1)     The Trade Secrets Act, 18 U.S.C. § 1905 prohibits federal employees from disclosing, except as authorized by law, confidential business information, knowledge of which was obtained during the course of their employment.

(2)     26 U.S.C. § 6103 protects tax returns and tax return information.

(3)     35 U.S.C. § 122 prohibits disclosing patent applications and information.

(4)     The PA of 1974, 5 U.S.C. § 552a, prohibits disclosing any record exempt from FOIA disclosure which is contained in a PA system of records to any person, or to another agency, except pursuant to written request by, or with the prior written consent of, the individual to whom it pertains unless it falls within a statutory exemption. These statutory exemptions authorize disclosure of a PA record:

(a)     where disclosure is required by the FOIA;

(b)     to those officers and employees of the Agency who maintain the record and who have a need for the record in performance of their duties;

(b)     for a routine use as defined in the PA;

(d)     to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of Title 13;

(e)     to a recipient who has provided the Agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;

(f)     to the National Archives of the United States as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Administrator of General Services or his designee to determine whether the record has such value;

(g)     to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

(h)     to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual;

(i)     to Congress, or, to the extent of a matter within its jurisdiction, any committee or subcommittee of any such joint committee;

(j)     to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the General Accountability Office; or

(k)     pursuant to the order of a court of competent jurisdiction.

3.       **FOIA/PA Disciplinary Actions**

a.       If you act arbitrarily or capriciously with respect to withholding information, disciplinary action may be warranted. See 5 U.S.C. § 552 (a) (4) (F).

b.       Willful violations of the PA are a misdemeanor and may subject you to a fine of not more than $5,000. Employees also may be disciplined for violating the PA. For detailed information on SBA implementation of the PA, see SOP 40-04.

c.       The Agency's Standards of Conduct require that all employees "shall follow all agency rules, regulations, operating procedures, instructions, and other proper directions in the performance of [their] official functions." (13 CFR § 105.206.)

4.       **The Annual FOIA Report**

The Annual FOIA Report is a required compilation of statistics and information of SBA's FOIA activity that is submitted to the Attorney General. It is due on or before February 1 of each year with data which covers the preceding fiscal year. The DOJ requires a complete draft in advance of the final due date. Among the elements the Report must include are:

a.       the numbers of received, processed, and pending requests and the disposition of each;

b.       the numbers of received, processed, and pending appeals and the disposition of each;

c.       a list of all statutes relied upon to authorize withholding under Exemption 3;

d.       response times for processing requests and appeals; broken down by median, average, lowest and highest number of days;

e.       the ten oldest pending requests and the ten oldest pending appeals including number of days pending for each;

f.       the number of requests for expedited processing and fee waivers; and

g.       the number of FOIA personnel, processing costs, and the amount of fees collected.

SBA must make the Annual FOIA Report available to the public in both human-readable and machine-readable formats on the Agency website. The Attorney General will also make all Federal agencies reports available through a single electronic website. The FOI/PA Office takes responsibility for reviewing and

analyzing the data for compilation and submission of the Report. All FOIA Contacts must be responsible for the accurate inputting and updating of their FOIA data into the FOIA Case Tracking System.

SBA's Annual FOIA Reports are available at http://www.sba.gov/foia.

**5.      The Chief FOIA Officer Report**

The Chief FOIA Officer is required to submit a report to the Attorney General containing a detailed description of the steps taken by SBA to improve FOIA compliance and transparency. The Report contains details of SBA's FOIA administration and the factors in use to improve FOIA performance. The Chief FOIA Officer must review all aspects of FOIA administration and include all steps taken "to improve FOIA operations and facilitate information disclosure."

SBA's Chief FOIA Officer Reports are available at http://www.sba.gov/foia.

**6.      The Quarterly FOIA Report**

DOJ also requires agencies to post quarterly reports on four key FOIA statistics:

a.      the number of requests received during the reporting period

b.      the number of requests processed during the reporting period

c.      the number of requests in an agency's backlog at the end of the reporting period

d.      the progress being made to close the agency's ten oldest pending FOIA requests from the prior fiscal year.

SBA's Quarterly FOIA Reports are available at http://www.sba.gov/foia.

**G.      Special Situations**

**1.      Processing of Congressional Requests for Records**

a.      You must contact the Office of Congressional and Legislative Affairs (CLA).

b.      Subsection (d) of the FOIA allows Congressional committee or subcommittee chairmen, or representatives authorized by a committee or subcommittee, to request and receive full disclosure of exempt information.

c.       If the request is not an official subcommittee or committee request, you should process the request as a request from "any person" under the FOIA.

d.       If a Member of Congress requests information on behalf of a constituent, a release from the constituent is required, and you must release only that information to which the constituent alone would be entitled.

e.       When transmitting exempt information to Congressional entities, the cover letter should caution that disclosure may violate Federal law (PA of 1974, The Right to Financial Privacy Act of 1978, or The Trade Secrets Act). You should use a statement similar to the following:

> The information contained herein is confidential in nature and not releasable to unauthorized parties. Disclosure of this information may violate Federal law. Exercise utmost discretion.

**2.       Processing of General Accountability Office (GAO) Requests for Records**

You must contact CLA immediately. CLA will advise you on how to proceed. The Budget and Accounting Act of 1921 and the Budget and Accounting Procedures Act of 1950 (Acts) have authorized GAO, independently or on behalf of Congress or a duly authorized committee of Congress, to audit, review, or investigate the accounting, financial, and related operations of Government agencies. In accordance with the Acts, you must give GAO representatives access to examine such records as necessary. This right to access is much more limited where GAO is acting in other capacities, e.g., on behalf of an individual Congressman. For more detailed guidance, see SOP 40-00.

**3.       Requests from Federal Agencies or Instrumentalities of any Governmental Jurisdiction within or Under the Control of the United States for Civil or Criminal Law Enforcement Purposes**

a.       You must cooperate in the civil and criminal law enforcement activities of the Federal government as well as those of states and localities, if you are satisfied with the legitimacy of a request and of the identity of the agent or requester for non-public records.

b.       Such disclosures may be limited by the PA. See SOP 40-04. However, disclosure to a law enforcement entity of otherwise exempt personal information from a system of records identifiable to an individual by name or other identifying characteristic should be made if the following procedural requirements are met:

(1)       the civil or criminal law enforcement activity is authorized by law;

(2)    the head of the Agency or instrumentality has made a written request specifying the particular portion of the SBA record(s) desired; and

(3)    the law enforcement activity for which the record is sought is specified.

c.    As required by the PA, you must account for all *such* disclosures. You should refer to the PA, SOP 40-04, 13 CFR part 102 subpart B, and the SBA System of Records before making disclosures.

## 4.    Requests from Federal Agencies for Other than Law Enforcement Purposes

a.    You may make available to authorized representatives of Federal departments and agencies, non-public records not subject to the PA, the Right to Financial Privacy Act or any other statute that would prohibit disclosure. The following conditions must be met before you may disclose such non-public records:

(1)    the department or agency must assert an official governmental interest in the requested data;

(2)    the request must concern a specific case or cases;

(3)    the request must not interfere with pending Agency actions;

(4)    the request must be in writing, identify the records, and state the purpose for the request; and

(5)    proper identification must accompany the request.

b.    If the requested data is in a PA system of records, you must follow the procedures and restrictions on disclosure described in SOP 40-04.

c.    You must not provide original SBA records to another agency.

d.    If OIG documents are involved, you must notify the OIG Office of Counsel.

e.    You may protect internal attorney work-product/attorney-client and/or deliberative records from release.

**5.** **Requests for Records Obtained from Financial Institutions and the Right to Financial Privacy Act of 1978**

The Right to Financial Privacy Act of 1978 may limit the disclosure of records SBA has received from a financial institution. You should consult the Office of General Counsel before you make any disclosures of such records.

**6.** **Other Requests for Disclosure**

a. Upon the authorized request of a guarantor of an SBA loan or a holder of a lien of any collateral held by SBA, you should inform such parties of the balance due on the loan, including interest and reimbursable advances. In addition, you may advise guarantors of any collateral acquired or released since the date of the loan authorization.

b. If the borrower has submitted a written authorization, the Chief Financial Officer may confirm the status of borrowers' accounts upon requests from private business, accounting, and auditing concerns covered by the authorizations.


## Appendix A - Reports


1. Annual FOIA Report to the Attorney General

    (see http://www.sba.gov/foia)


2. Chief FOIA Officer Report

    (see http://www.sba.gov/foia)


3. Quarterly FOIA Report

    (see http://www.sba.gov/foia)


## Appendix B - Sample Language for FOIA Letters


1. Extension of Time Letter

2.      Predisclosure Notification Letter

3.      Notice to Requester of Predisclosure Notification

4.      Initial Response Letter (denial in full or in part)

5.      Fee Assessment Letter (for Commercial Users)

6.      Sample List Format

7.      Authorization to Disclose

8.      Memo for Referral of Documents to Originating Agency

40 03 4

**1.      Extension of Time Letter**

Re:  [FOIA Case Tracking #]


Dear [requester]:

This is pursuant to your [date] Freedom of Information Act request.

We are invoking an extension of time pursuant to 5 USC 552(a) (6) (B) (iii) (I), (II), [and/or] (III):

   (I)      the need to search for and collect the requested records from field facilities or
           other establishments that is separate from the office preparing the request.

  (II)      due to the need to search for, collect, and appropriately examine a voluminous
           amount of separate and distinct records which are demanded in a single request.

 (III)      due to the need for consultation, which shall be conducted with all practicable
           speed, with another agency having a substantial interest in the determination of
           the request or among two or more components of the agency having substantial
           subject-matter interest therein.

We will be unable to respond to your request within the FOIA's 20-day statutory time period as
there are unusual circumstances which impact our ability to quickly process your request. These
unusual circumstances are: (a) the need to search for and collect records from a facility
geographically separated from this office; (b) the potential volume of records responsive to your
request; and/or (c) the need for consultation with one or more SBA program offices or other
agencies having a substantial interest in either the determination or the subject matter of the records.

If you are not satisfied with this action, you may appeal this decision to the Chief, Freedom of
Information/ Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW,
Washington, DC 20416. You must submit an appeal within 90 calendar days of the date of the
notice of denial. The appeal should contain a copy of this correspondence, a description of the
information requested and denied, the name and title of the SBA official or employee who denied
the request, the reason for the denial, and any other facts you deem appropriate.

 Please be advised that the 2007 FOIA amendments created the Office of Government Information
Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and
Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect
your right to pursue litigation.

You may contact OGIS in any of the following ways:

Office of Government Information Services

National Archives and Records Administration

40  03  4

8601 Adelphi Road – OGIS

College Park, MD 20740-6001

E-mail: ogis@nara.gov

Telephone: 202-741-5770

Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the SBA's FOI/PA Officer.

If you have any questions about or need assistance with your request, you may contact the Chief, Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration by phone at 202-401-8203, by fax at 202-205-7059, by email at foia@sba.gov, or by mail at 409 Third St., SW, Washington, DC 20416.
Sincerely,

40  03  4

## 2.      Predisclosure Notification Letter

Re: [FOIA Case Tracking #]

Dear [submitter]:

We are providing this letter in accordance with Executive Order 12600 – <u>Predisclosure Notification Procedures for Confidential Commercial Information</u>, to notify you that we are processing a Freedom of Information Act (FOIA) request for information regarding [business name]. In response to the request, we intend to [partially] disclose documents that [business name] submitted to the SBA.

The FOIA requester is [name/firm], and the request specifically seeks [subject].

Enclosed, *in the form we intend to disclose*, are copies of the documents submitted by [business name] that we are considering for release. Please review the enclosed documents to determine if substantial competitive harm could result to [business name] from their disclosure. If [business name] objects to their disclosure, an officer or authorized representative of [business name] must provide this office with a detailed written explanation of all grounds upon which disclosure is opposed **within ten business days** from the date of this notice. It is [business name's] responsibility to demonstrate why the information is considered to be commercial or financial information that is privileged or confidential by showing how **substantial competitive harm** could result from disclosure.

Please be advised that information requested pursuant to the FOIA must be released unless it is determined to be exempt from mandatory disclosure. In addition, the FOIA requires the disclosure of **reasonably segregated portions of documents** subsequent to appropriate deletions.

The Agency may withhold records only if they meet the criteria of Exemption 4, 5 U.S.C. § 552(b)(4), which allows Federal agencies the discretion to withhold "...certain commercial or financial information obtained from a person and privileged or confidential..." the release of which could be competitively harmful to you as the submitter of the information; which could impair the government's ability to obtain similar necessary information in a purely voluntary manner in the future; and, which could affect other governmental interests, such as program effectiveness and compliance.

40  03  4

Predisclosure Notification
page 2


This office will review and consider timely objections, but we maintain the final decision-making authority as to disclosure. If we do not receive a response from [business name] within five business days from the date of this letter, we will assume [business name] has no objection to disclosure of the enclosed documents. In addition, if we disagree with [business name's] objections and feel that Exemption 4 protection is not warranted, we will provide you notification in writing why we have not sustained the disclosure objections, describe the information we will disclose, and the date we will make disclosure. We will forward such notice to [business name] at least ten business days prior to the specified disclosure date.

If you should have any questions regarding this matter, I can be reached at [phone #].

Sincerely,


Enclosure

40  03  4

**3.      Notice to Requester of Predisclosure Notification**


Re:  (FOIA Case Tracking #)


Dear [requester]:

In accordance with 13 CFR § 102.7, this office is invoking an extension of time in order to process your request. Additionally, in compliance with Executive Order 12600 - Predisclosure Notification Procedures for Confidential Commercial Information, it is necessary to provide the submitter of the information an opportunity to comment on the proposed release of certain documents. The submitter is afforded a review and comment period of ten working days from the date of our notification letter. We will notify you as expeditiously as possible once this process is complete and our final disclosure determinations are made.

Furthermore, such a delay *may be* considered a denial of access to the requested material. You may appeal this decision to the Chief, FOI/PA Office, 409 Third St., SW, Washington, DC 20416. You must submit your signed, written appeal within 60 calendar days of the date of this notice.

Please feel free to contact me on [phone #] if you have any questions on this matter.

Sincerely,

40  03  4

**4.     Initial Response Letter (denial in full or in part)**

Re: (FOIA Case Tracking #)

Dear [requester]:

This is in response to your Freedom of Information Act (FOIA) request [dated] for access to [subject].

This office has determined that the requested information be [withheld in full] [released in part.] The enclosed list describes each document reviewed, [and] my disclosure determination [and, where appropriate the FOIA exemption cited for information being withheld]. [#] pages are withheld in full.

The following FOIA exemption[s] [is] [are] cited for the information being withheld:

    Exemption 4 (5 U.S.C. § 552(b)(4)) allows Federal agencies the discretion to withhold "...certain commercial or financial information obtained from a person and privileged or confidential..." the release of which could be competitively harmful to the submitter of the information; which could impair the government's ability to obtain similar necessary information in a purely voluntary manner in the future; and, which could affect other governmental interests, such as program effectiveness and compliance.

    Exemption 5 (5 U.S.C. § 552(b) (5)) allows the agency the discretion to withhold "...inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The purpose of this exemption is to protect the deliberative process by encouraging a frank exchange of views. In addition, this exemption protects from disclosure attorney-work product and attorney-client materials.

    Exemption 6 (5 U.S.C. § 552(b) (6)) allows Federal agencies the discretion to withhold information the disclosure of which would "...be a clearly unwarranted invasion..." of individual privacy and might adversely affect the individual or his/her family.

As previously estimated… [OR] You agreed to pay… In accordance with 13 CFR § 102.6, FOIA processing fees [have not been assessed in this instance.] are $30.00 per search hour [total]; $30.00 per review hour [total]; copying $.10 per page [total]. Please submit to this office a check or money order in the amount of $[total], payable to the Small Business Administration. Upon receipt of your payment, we will forward the releasable records to you. For your information, 13 CFR § 102.6(d) requires that "SBA will charge interest on any unpaid bill starting on the 31st day following the date of billing."

40  03  4

Page 2

If you have any questions about or need assistance with your request, you may contact the Chief, Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration by phone at 202-401-8203, by fax at 202-205-7059, by email at www.foia.sba.gov, or by mail at 409 Third St., SW, Washington, DC 20416.

If you are not satisfied with this action, you may appeal this decision to the Chief, Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW, Washington, DC 20416. You must submit an appeal within 90 calendar days of the date of the notice of denial. The appeal should contain a copy of this correspondence, a description of the information requested and denied, the name and title of the SBA official or employee who denied the request, the reason for the denial, and any other facts you deem appropriate.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services

National Archives and Records Administration,

8601 Adelphi Road – OGIS

College Park, MD 20740-6001

E-mail: ogis@nara.gov

Telephone: 202-741-5770

Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the SBA's FOI/PA Officer. If you have any questions about our response to your request, you our office phone at 202-401-8203, by fax at 202-205-7059, by email at FOIA@sba.gov, or by mail at [Freedom of Information/ Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW, Washington, DC 20416.
Sincerely,

[Enclosure]

40  03  4

**5.     Fee Assessment Letter (for Commercial Users)**

Re: (FOIA Case Tracking #)

Dear [requester]:

For purposes of processing your Freedom of Information Act request, this office has classified you as a commercial user. If you object to that classification, please provide specific details explaining why you feel that category is inappropriate and what category you do qualify for.

In accordance with 13 CFR § 102.8, we estimate that FOIA processing fees will be $_____.

| | |
|---|---|
| Search Time $46.00/83.00 per hour x ___ hours | = $_____ |
| Review Time $46.00/83.00 per hour x ___ hours | = $_____ |
| Copying Fees $ .10 per page x ___ pages | = $_____ |
| Computer Search $100.00 per hour x ___hours | = $_____ |
| Estimated Total | = $_____ |

Pursuant to 13 CFR § 102.3(a) (2), we will not begin processing your request until we receive a fee declaration in which you agree to pay the expenses associated with the processing of your request. Upon completion of processing, we will notify you of our determinations but will not provide pertinent records until we receive your payment of assessed fees.

Sincerely,

Effective Date: May 12, 2018                                                    Page 50

40 03 4

## 6.   **Sample List Format**

- Date of Document

- Document Description: i.e., Letter, Memorandum, SBA Form

- Brief Description of Subject of Document

- Disclosure Determination:  i.e., Released in Full (RIF); Released in Part (RIP); Withheld in Full (WIF); In Requester's Possession (IRP)

- Cite FOIA or PA Exemption(s) relied upon to withhold information

- In cases where a document originated from another government agency, indicate where you are referring the document and tell the requester that Agency will provide a direct response.

*Example*:

1.   10/15/09 SBA Form 1450 – <u>8(a) Annual Update</u>, 2 pgs. Withheld in part (WIP) Exemptions (Exs.) 4 and 6.

2.   7/07/07 Form 1450, 2 pgs. WIP Exs. 4 and 6.

3.   Section X – Financial Plan/Data, 9 pgs. WIP Exs. 4 and 6.

4.   5/01/09 Joe SBA Loan Officer to Bank, re: pending sale action, 2 pgs. Withheld in full (WIF) Ex. 5.

5.   5/20/09 letter Joe SBA Loan Officer to ABC firm, re: sale. Released in full (RIF).

6.   5/02/09 letter Department of Justice to SBA re: 8(a) program, 3 pgs. Referred to DOJ for their disclosure determinations. You will receive a response directly from DOJ.

40  03  4

**7.      Authorization to Disclose**

First Party/Third Party

Please be advised that we will process the portion of your letter requesting information pertaining to [subject] in accordance with the provisions of the Freedom of Information Act. If you wish to be treated as a first-party requester with regard to the release of information contained in the file you have requested, please provide this office with a signed release from [the subject]. That release should authorize the disclosure of proprietary business and/or personal information contained in the subject file. Otherwise, you will be treated as a third-party requester.

40  03  4

**8.      Memo for Referral of Documents to Originating Agency**


<u>MEMORANDUM</u>

DATE:

TO:

FROM:

SUBJECT:          Freedom of Information Act (FOIA) Request of:


                        Re:


This office is processing a FOIA request in response to the subject request and has located the enclosed documents, which originated at your agency.

We are referring these documents to you for a direct response to the requester. We have notified the requester that your agency is responsible for the disclosure decisions regarding the attached, and that we have referred them to your agency.

Please provide me a copy of your response. If you have any questions concerning this matter, please call me on [phone #].


Enclosures:  Incoming Correspondence
                        Documents

40  03  4

## Appendix C - Lists of Information

INFORMATION GENERALLY EXEMPT

Disclosure determinations described below will be affected by business status and the relation of the requester to the information. A first party requester (i.e., the submitter of the information or the subject of the record) will be privy to more information than a third party (anyone other than a first party). Disclosure of segregable records is required.

- Non-statistical information on pending, declined, withdrawn, or canceled applications.

- Non-statistical information on defaults, delinquencies, losses etc.

- Personal and business tax returns.

- For viable on-going businesses: Financial statements, credit reports, business plans, plant lay-outs, marketing strategy, advertising plans, fiscal projections, pricing information, payroll information, private sector experience and contracts, purchase information, banking information, corporate structure, research plans, and client list of applicant/recipient.

- For viable on-going businesses: Commercial and financial information contained in Certificate of Competency records, Requests for Size Determinations, 8(a) Business Development Plans, loan applications, SBIC applications and loan officer's reports.

- Internal documents not incorporated into final Agency action, pending internal recommendations on applications for assistance, SBA/attorney-client communications, pending litigation documents and investigatory documents. Discretionary disclosure policy must be utilized.

- Personal history and financial statements, resumes, all non-government career experience, communications regarding applicant's character, home and email addresses and telephone numbers, social security numbers, birth dates and medical records.

- Portions of IG reports, audit reports, program investigation records and any other records which, if released, would interfere with the Government's law enforcement proceedings and/or would reveal the identity of a confidential source and documents relating to pending litigation and investigations.

40 03 4

INFORMATION GENERALLY DISCLOSED

- Names and commercial street and email addresses of recipients of approved loans, SBIC licenses, Certificates of Competency, lease guarantees, surety bond guarantees, and requests for counseling.

- Names of officers, directors, stockholders or partners of recipient firms.

- Kinds and amounts of loans, loan terms, interest rates (except on home disaster loans), maturity dates, and general purpose.

- Statistical data on assistance, loans, defaults, contracts, counseling, etc.

- Decisions, rulings and records showing final Agency actions in specific factual situations if identifying details exempt from disclosure are deleted.

- Awarded contracts: name of contractor, contract amounts, contract dates and contracting agencies.

- Identity of participating banks.

- List of 8(a) participants, date of entry into the 8(a) Program, projected graduation date from the 8(a) Program, and North American Industry Classification System codes.

- OHA opinions and decisions, grievances in redacted form.

- Names of SBA employees, grades, titles, and duty stations.

40  03  4

# Appendix D - Fee Waiver Guidelines

### Guidelines for Fee Waiver Requests

Fee waivers will not be granted unless <u>all</u> of the following <u>statutory requirements</u> are met:

(1)     DISCLOSURE OF THE INFORMATION "IS IN THE PUBLIC INTEREST
         BECAUSE IT IS LIKELY TO CONTRIBUTE SIGNIFICANTLY TO PUBLIC
         UNDERSTANDING OF THE OPERATIONS OR ACTIVITIES OF THE
         GOVERNMENT"

        (a)     <u>The subject of the request</u>:  whether the subject of the requested records concerns
         the "operations or activities of the Government"

        (b)     <u>The informative value of the information to be disclosed</u>:  whether the disclosure
         is "likely to contribute" to an understanding of government operations or activities

        (c)     <u>The contribution to an understanding of the subject by the public likely to result
         from disclosure</u>:  whether disclosure of the requested information will contribute
         to "public understanding" (as opposed to personal benefit or understanding)

        (d)     <u>The significance of the contribution to public understanding</u>:  whether the
         contribution to public understanding of government operations or activities will
         be "significant"

A fee waiver will not be granted unless disclosure will benefit the general public. The statutory
standard will not be met if disclosure will only benefit a narrow, specialized segment of the
public, or only the individual understanding of the requester. Pursuant to the FOIA fee waiver
guidelines published by the Department of Justice, we ask requesters to describe <u>specifically</u> the
purposes for which they intend to use the requested information, their qualifications and
expertise in the subject area of the information requested, the nature of the their research into that
subject area, and their intended means for disseminating their research to the general public.
Requesters also must show how the general public's understanding of the subject matter in
question will be <u>significantly</u> enhanced by the disclosure, as compared to the level of
understanding of the subject prior to disclosure.

40  03  4

Fee Waiver Guidelines
Page 2


(2)     DISCLOSURE OF THE INFORMATION "IS NOT PRIMARILY IN THE
        COMMERCIAL INTEREST OF THE REQUESTER"

        (a)     <u>The existence and magnitude of a commercial interest</u>:  whether the requester has
                a commercial interest that would be furthered by the requested disclosure

        (b)     <u>The primary interest in disclosure</u>:  whether the magnitude of any identified
                commercial interest of the requester is sufficiently large, in comparison to the
                public interest in disclosure, that disclosure is "primarily in the commercial
                interest of the requester"

In order to determine whether the request involves any commercial interest of the requester, and
if so, to assess the magnitude of that commercial interest, we ask requesters to <u>clearly</u> state their
interest in the requested information. Based on information provided by requesters, the identity
of the requesters, and the circumstances surrounding their requests, we will determine whether
disclosure of the requested information is primarily in the commercial interest of the requesters.
Pursuant to guidelines published by the Office of Management and Budget, a "commercial
interest" is one that "furthers a commercial, trade, or profit interest as those terms are commonly
understood." If we determine that the commercial interest of the requester is sufficiently larger
when compared to the public interest in disclosure, we will consider the request to be primarily
in the commercial interest of the requester.

**Sample Worksheet for Determining Fee Waiver**


REQUESTER         _____

CASEWORKER     _____


FEE WAIVERS will be granted if <u>both</u> of the following basic requirements are <u>met</u>.

(1)      DISCLOSURE OF THE INFORMATION "IS IN THE PUBLIC INTEREST
         BECAUSE IT IS LIKELY TO CONTRIBUTE SIGNIFICANTLY TO PUBLIC
         UNDERSTANDING OF THE OPERATIONS OR ACTIVITIES OF THE
         GOVERNMENT."

     a.      The Subject of the Request:  Whether the Subject of the Requested Records
                Concerns "the Operations or Activities of the Government."

         _____

         _____

         _____

     b.      The Informative Value of the Information to be Disclosed:  Whether the
                Disclosure is "likely to contribute" to an Understanding of Government
                Operations or Activities.

         _____

         _____

         _____

     c.      The Contribution to an Understanding of the Subject by the Public Likely
                Result from Disclosure:  Whether Disclosure of the Requested Information
                Will Contribute to "Public Understanding." (PUBLIC UNDERSTANDING
                v. PERSONAL BENEFIT)

         _____

         _____

         _____

40 03 4

Fee Waiver worksheet
page 2

       d.      The Significance of the Contribution to Public Understanding:  Whether the
              Contribution to Public Understanding of Government Operations or Activities
              will be "significant".

_____

_____

_____

(2)     DISCLOSURE OF THE INFORMATION "IS NOT PRIMARILY IN THE
          COMMERCIAL INTEREST OF THE REQUESTER."

       a.      The Existence and Magnitude of a Commercial Interest:  Whether the Requester
              has a Commercial Interest that would be Furthered by the Requested Disclosure.

_____

_____

_____

       b.      The Primary Interest in Disclosure:  Whether the Magnitude of the Identified
              Commercial Interest of the Requester is Sufficiently Large, in Comparison with
              the Public Interest in Disclosure; that Disclosure is "Primarily in the Commercial
              Interest of the Requester."

_____

_____

_____

APPROVED _____

DENIED   _____